IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DARRYL JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 4:19-CV-00838-RK |
| | ) | |
| v. | ) | |
| | ) | |
| JACKSON COUNTY, MISSOURI, | ) | |
| Et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF SUGGESTIONS IN SUPPORT OF MOTION FOR REMAND**

Plaintiff Darryl James filed suit in state court against Defendants Jackson County, Missouri, et al. for workers' compensation retaliation/discrimination, pursuant to RSMo. § 287.780, as well as other claims alleging the violation of the Missouri Human Rights Act. Congress has categorically prohibited the removal of state-court cases like this one that include workers' compensation discrimination claims. See 28 U.S. § 1445(c). Defendants argue that removal is proper under 28 U.S.C. § 1331, because plaintiff's claims implicate and require the resolution of substantial federal questions under the Constitution of the United States of American. Plaintiff now moves the Court to remand his case back to state court on the basis that federal jurisdiction is lacking and it is not removal pursuant to 28 U.S. § 1445(c). For the reasons provided herein, removal is not permitted, and this Court should remand this action to state court.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff has been employed by Defendants for over 22 years. On June 16, 2019, Darryl James filed this action in the Circuit Court of Jackson County, Missouri, raising claims for discrimination in violation of the Missouri Human Rights Act, as well as a claim for workers' compensation discrimination. On October 17, 2019, Defendant Jackson County, Missouri filed a notice of removal. This motion to remand follows.

## DISCUSSION

### A. LEGAL STANDARDS.

"The party seeking removal has the burden to establish federal subject matter jurisdiction, [and] all doubts about federal jurisdiction must be resolve in favor of remand." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014). Even if other federal jurisdiction prerequisites are met, Congress has prohibited removal in cases involving any workers' compensation law claim. See 28 U.S.C. § 1445(c) )A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). Specifically, defendants may not remove cases that include any claim for workers' compensation retaliation under Missouri's Workers' Compensation Law, RSMo. § 287.780. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) (holding that 28 U.S.C. § 1445(c) prohibits removal of cases including a claim under RSMo §. 287.780).

### B. ARGUMENT.

**1. Congress has Categorically Prohibited Removal of State Court Cases that Include a Claim Under Workers' Compensation Law.**

This case includes a claim for discrimination for exercise of workers' compensation rights, in violation of RSMo. 287.780 (Please see Defendant's Exhibit A to its Motion for

2
Case 4:19-cv-00838-RK   Document 5   Filed 10/27/19   Page 2 of 6

Removal). The presence of this claim completely forecloses removal of this action to federal court.

The Eighth Circuit has long held that a workers' compensation discrimination claim under RSMo 287.780 renders a case completely non-removable. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) ("Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies.") Since *Humphrey*, the Eighth Circuit has repeatedly reconfirmed that a Missouri claim for workers' compensation discrimination bars removal of a case to federal court. *Phillips v. Ford Motor Co.*, 83 F.3d 235, 236 n.3 (8th Cir. 1996); *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1115 (8th Cir. 1998).

**2. Defendant Jackson County, Missouri Cannot Unilaterally Create a Federal Question.**

Civil actions may be removed to federal court only if the action could have been originally filed in federal court. See 28 U.S.C. § 1441(b); *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about jurisdiction must be resolved in favor of remand. *Id*.

Removal based on a federal question is governed by the well-pleaded-complaint rule, which provides that jurisdiction is present only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Cent. Iowa*, 561 F.3d at 912. Federal question jurisdiction "is invoked by and large by plaintiff pleading a cause of action created under federal

3

law (e.g., claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prod. Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005). Because a plaintiff is the master of her complaint, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law. Defendants are not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law." *Cent. Iowa,* 561 F.3d at 912 (citations and internal quotation marks omitted).

Unless federal law completely preempts a plaintiff's alleged state law claims, or plaintiff's right to relief requires the resolution of a substantial question of federal law, a complaint alleging a claim under state law cannot be removed simply because the allegations could also support recovery under federal law. *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475 (1998); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 13 (1983); *Chaganti & Assocs., P.C. v. Nowotny,* 470 F.3d 1215, 1220 (8th Cir. 2006). Thus, the Court here should analyze plaintiff's state law claims to see if his well-pleaded complaint presents a federal question or requires the resolution of a substantial question of federal law

Here, pursuant to the well-pleaded-complaint rule, Plaintiff has presented only state law claims on the face of his Petition. Defendant here bases it's removal on the single, solitary reference to "Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et seq" brief mention in paragraph 9 of Plaintiff's Petition. When reviewing Plaintiff's Petition to determine if it's facial pleading language raises a substantial federal question, it is clear to see from a cursory reading that Plaintiff is seeking relief under the Missouri Human Rights Act, not federal law.

Specifically, in Plaintiff's Petition, he has specifically alleged the following claims: (1) Missouri Human Rights Act—Religious Discrimination R.S.Mo. 213.0055 (Prior to Senate Bill

4

43—A Missouri State Bill not Federal)(with a prayer for relief pursuant to conduct that is prohibited pursuant to R.S.Mo 213.055; (2) Missouri Human Rights Act—Retaliation R.S.Mo. 213.070 (seeking relief pursuant to conduct that is violative of RSMo. 213. 070) ; (3) Discrimination for Exercise of Workers' Compensation Rights RSMo. 287.780—an exclusive state law remedy; (4) Missouri Human Rights Act—Hostile Work Environment (with a prayer for relief pursuant to conduct that is prohibited pursuant to the Missouri Human Rights Act) and (5) Violation of Public Policy-R.S.Mo. 285.575. There is no claim for a violation of any federal law—only state law claims provided by the Missouri Human Rights Act, and/or state law remedies. Although Plaintiff mentions Title VII—no claim has been properly pled.

Here, Plaintiff's Petition, which only alleges complaints under state law claims, it cannot be removed simply because the allegations could also support recovery under federal law. *Rivet v. Regions Bank of La*., 522 U.S. 470, 475 (1998). Further, none of Plaintiff's claims require the analysis of federal law in order to entitle Plaintiff to relief. Plaintiff here is seeking relief under Missouri state laws, not federal law.

### 3. The Removal of This Action is Objectively Unreasonable, and Defendant Jackson County Should be Ordered to Pay Attorney's Fees and Costs.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Eighth Circuit has repeatedly reaffirmed that cases like this one are not removable. *Humphrey v. Sequentia, Inc.,* 58 F.3d 1238, 1246 (8th Cir. 1995); *Phillips v. Ford Motor Co*., 83 F.3d 235, 236 n.3 (8th Cir. 1996); *Johnson v. AGCO Corp*., 159 F.3d 1114, 1115 (8th Cir. 1998).

Awarding attorney's fees is appropriate where there is "binding Eighth Circuit authority rejecting Defendant's argument for remand." *Haren & Laughlin Constr. Co. v. Granite Re, Inc.,* No. 6:11-cv-3242-DGK, 2011 U.S. Dist. LEXIS 132267, at *8 (W.D. Mo. Nov. 16, 2011) (citing

*Schoenfeld v. Keiber,* No. 07-4020-CV-C-NKL, 2007 U.S. Dist. LEXIS 26375, 2007 WL 1112621, at *3 (W.D. Mo. 2007)). This is exactly the type of disruptive removal that Congress intended to prohibit in Section 1445(c). An award of fees is appropriate in this case, and will deter future unwarranted removals by this Defendant and other litigants in this District.

## CONCLUSION

This Court should remand this action to the Circuit Court of Jackson County, Missouri, and order Astellas to pay Plaintiff's fees and costs.

Dated: October 27, 2019.

                    Respectfully submitted,

                    */s/ Rachel C. Rutter*
                    Rachel C. Rutter, MO # 69313
                    The Rutter Law Firm, LLC
                    118 Water Street
                    Liberty, MO 64068
                    (816) 337-0684
                    rutter.c.rachel@gmail.com
                    ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on the date the foregoing was filed with the Court, I transmitted a true and correct copy to all parties of record through their counsel of record, by filing it through the Court's CM/ECF system.

                    */s/ Rachel C. Rutter*    -
                    Attorney for Plaintiff