# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DARRYLMJAMES, | ) | |
| | ) | Case No.: 4:19-CV-00838-RK |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 16th Judicial Circuit Court |
| | ) | Jackson County, Missouri |
| | ) | Case No.: 1816-cv00401 |
| JACKSON COUNTY, MISSOURI, et al. | ) | Division No. 15 |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

Defendants Jackson County, Missouri and Jackson County, Missouri d/b/a Jackson County Detention Center (collectively, "Defendants") file this Response in Opposition to Plaintiff's Motion to Remand to State Court.

## INTRODUCTION

This lawsuit is a five count petition purporting to be based upon three Equal Employment Opportunity Commission/Missouri Commission on Human Rights complaints. Plaintiff filed an original petition in the 16th Judicial District Court of Jackson County, Missouri on June 16, 2019, alleging that Defendants have violated the Missouri Human Rights Act ("MHRA") and Title VII of the Civil Rights Act. Petition ¶ 19. Defendants removed the instant lawsuit because federal question jurisdiction exists over Plaintiff's claims. *See* Docket No. 1, Notice of Removal. This Court should exercise its jurisdiction and deny Plaintiff's motion to remand.

## ARGUMENT

**A. Federal Question Jurisdiction Exists On The Face Of Plaintiff's Petition Because It Specifically States The Claims Are Being Brought Under Title VII**

Under "Jurisdictional Information," Plaintiff states in paragraph 9:

> Plaintiff's causes of action are filed against Defendant's [*sic*] pursuant to the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. 213.010 et seq., and Title VII of the Civil Rights Act of 1964, 42 USC 2000e, et seq., which allows suits against employers and individuals.

In light of the notice of removal, Plaintiff is now trying to recast the claims in this action as only involving MHRA and state law claims. However, the face of the petition tells a different story. And, significantly, Plaintiff does not disavow the federal law that applies equally to his allegations. The allegations in Plaintiff's Petition establish claims under Title VII, which is sufficient to confer federal question jurisdiction on this Court. Because this action asserts claims arising under federal law and could have been originally filed in this Court pursuant to federal question jurisdiction conferred by 28 U.S.C. § 1331, removal was proper under 28 U.S.C. § 1441. This Court should therefore deny Plaintiff's motion to remand.

## B. Plaintiff Is Not Entitled To Attorney's Fees Pursuant To 28 U.S.C. § 1447(c).

Even if this Court determines that remand is necessary, it should deny Plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 1447(c). *See* Plaintiff's Motion to Remand at 5. When a district court remands a case, it has discretion to award the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). This discretion, however, is not unlimited: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). Therefore, the court must consider the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper. Because Plaintiff's complaint contained "an objectively reasonable basis for seeking removal,"

this Court should not award attorney's fees under § 1447(c). Given the language used in the Petition, asserting Plaintiff's claims were filed under MHRA and Title VII, Defendants clearly had a reasonable basis to remove this case. Further, if there is ambiguity in Plaintiff's assertion of his Title VII claims, the citation to Title VII was sufficient to provide Defendants with a good-faith basis for concluding that his claims arise under federal law. Finally, Plaintiff's argument that attorney's fees should be awarded because there is "binding Eighth Circuit authority rejecting Defendant's argument for remand" is without merit as Plaintiff pled that his claims arose under federal law. Accordingly, because Defendants had objectively reasonable grounds upon which to remove this case, this Court should deny Plaintiff's request for attorney's fees.

### C. Plaintiff Should Be Required To Pay Attorney's Fees and Costs If This Case Is Remanded To State Court

Given that Plaintiff pled his causes of actions under Title VII, Defendants' removal of the case to this Court was objectively reasonable. *See* Petition ¶ 9. Plaintiff now asserts that "although [he] mentions Title VII—no claim has been properly pled." *See* Plaintiff's Motion to Remand at 5. If this case is remanded back to state court, Defendants request attorney's fees and costs associated with this removal action. An award of fees would be appropriate in this case as Plaintiff is now asserting that there was an improper use of Title VII in his Petition and it will deter future unwarranted cites to federal causes of action by this Plaintiff and other litigants in this District.

### **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion to remand and request for attorney's fees.

Respectfully submitted,

s/ Dawn J. Diel
Dawn J. Diel (#64811MO)
OFFICE OF THE COUNTY COUNSELOR
JACKSON COUNTY, MISSOURI
Jackson County Courthouse 415 E. 12th Street, Suite 200 Kansas City, Missouri 64106 (816) 881-3355 FAX 881-3398
ddiel@jacksongov.org

*Attorneys for Defendants Jackson County, Missouri and Jackson County, Missouri d/b/a Jackson County Detention Center*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF system, and served by operation of the Court's electronic filing system upon all counsel of record.

/s/   Dawn J. Diel