# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DARRYL JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-00838-CV-RK |
| | ) |
| JACKSON COUNTY MISSOURI, | ) |
| DENNIS DUMOVICH, MARVIN | ) |
| WALKER, LAURA SCOTT, CARMEN | ) |
| HAYES, | ) |
| | ) |
| Defendants. | ) |

## ORDER OF REMAND

Before the Court is Plaintiff Darryl James' Motion to Remand. (Doc. 5.) The Motion is now briefed (Docs. 5 and 7). After careful consideration, the Motion to Remand is **GRANTED.**

### Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction[.]" *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Civil actions may be removed to federal court only if the action could have been originally filed in federal court. See 28 U.S.C. § 1441(b); *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### Discussion

This case was originally filed in state court on June 16, 2019. Plaintiff asserts claims for discrimination in violation of the Missouri Human Rights Act, as well claims for workers'

compensation discrimination. On October 17, 2019, Defendant Jackson County, Missouri removed the action to this Court, arguing Plaintiff's claims arose under federal law. In support of its argument, Defendant points to a lone sentence in paragraph 9 of Plaintiff's complaint. That paragraph reads, "Plaintiff's causes of action are filed against [Defendants] pursuant to the Missouri Human Rights Act … and Title VII of the Civil Rights Act of 1964." (Doc. 1-1.)

The Court finds it lacks subject matter jurisdiction and remand is required. First, "[r]emoval based on federal-question jurisdiction is governed by the 'well-pleaded-complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citation omitted). A plaintiff may properly avoid federal jurisdiction by exclusive reliance on state law because the plaintiff is the master of their complaint. *Id.* (citation omitted). Here, although Plaintiff makes one, lone reference to Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et seq., each individual count designates a claim under Missouri law. (*See* Doc. 1-1.) As such, it appears Plaintiff's complaint does not arise under federal law, and thus federal jurisdiction is lacking. 28 U.S.C. § 1331; *see also Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1143 (8th Cir. 1992).

Second, Plaintiff asserts his claims must be remanded because Congress has categorically prohibited removal of state court cases that arise under workmen's compensation laws. 28 U.S.C. § 1445(c). Plaintiff specifically points to *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995), which held a plaintiff's claim for retaliatory discharge under Mo. Rev. Stat. § 287.780 arose under Missouri's workers compensation laws and was not removable under 28 U.S.C. § 1445(c). *See also Phillips v. Ford Motor Co.*, 83 F.3d 235, 236 n. 3 (8th Cir. 1996) (noting "the district court lacked removal jurisdiction by operation of 28 U.S.C. § 1445(c)," where plaintiffs' claims included a claim for retaliation and discrimination pursuant to Mo. Rev. Stat. § 287.780.) Here, Plaintiff's claims include a claim for discrimination under Mo. Rev. Sta. § 287.780. While Plaintiff does not discuss why all claims arise under Missouri Workers' Compensation Law, Defendant does not rebut Plaintiff's assertion that his Workers' Compensation claims bar revoval. Rather, Defendant merely reiterates its argument that Plaintiff's claims invoke federal question jurisdiction. (Doc. 7.) However, "[i]f § 1445(c) applies, a case is nonremovable even it if presents a federal question[.]" Therefore, pursuant to 28 U.S.C. § 1445(c), the Court finds jurisdiction is lacking and will remand the case to state court.

Finally, both parties have requested attorney's fees and costs. Courts should only award attorney's fees when "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Courts retain discretion in determining whether attorney's fees should be awarded. *Id.* The Court does not find Defendant lacked an objectively reasonable basis for seeking removal given Plaintiff's reference to a federal statute. In addition, Defendant's argument that they should be awarded fees because Plaintiff mentioned Title VII in his complaint is without merit. Therefore, and after careful consideration, the Court finds attorney fees are not warranted for either party.

## Conclusion

After careful consideration, the Motion to Remand (Doc. 5) is **GRANTED**. The parties' requests for attorney's fees is **DENIED**.


　　　　　　　　　　　　　　　　　　s/ Roseann A. Ketchmark
　　　　　　　　　　　　　　　　　　ROSEANN A. KETCHMARK, JUDGE
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

DATED: December 4, 2019